**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RONDA GAY NEAL, | ) Case No.: 5:12-CV-03810-EJD |
| | ) |
| Plaintiff, | ) **ORDER DENYING PLAINTIFF'S** |
| | ) **MOTION FOR SUMMARY** |
| v. | ) **JUDGMENT; DENYING** |
| | ) **DEFENDANT'S MOTION FOR** |
| CAROLYN W. COLVIN, | ) **SUMMARY JUDGMENT;** |
| Acting Commissioner of Social Security, | ) **GRANTING PLAINTIFF'S MOTION** |
| | ) **FOR REMAND** |
| Defendant. | ) |
| | ) **[Re: Docket Item Nos. 16, 18]** |
| | ) |
| | ) |

Plaintiff Rhonda Neal ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to obtain review of the Social Security Administration's ("Administration") final decision denying her claim for Supplemental Security Income ("SSI"). Specifically, Plaintiff's Motion for Summary Judgment seeks an order reversing the final decision of the Administration and awarding benefits, or alternatively, remanding the action to the Administrative Law Judge ("ALJ") with instructions to conduct further proceedings. See Docket Item No. 16. Defendant Carolyn Colvin, Commissioner of the Social Security Administration ("Defendant"), opposes Plaintiff's motion and seeks summary judgment affirming the decision of the ALJ. See Docket Item No. 18.

1
Case No.: 5:12-CV-03810-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; GRANTING PLAINTIFF'S
MOTION FOR REMAND

Having considered the relevant pleadings along with the administrative record, the Court hereby DENIES Plaintiff's Motion for Summary Judgment, DENIES Defendant's motion for Summary Judgment, and REMANDS the matter for further proceedings.

## I. BACKGROUND

### A. Procedural History

On January 30, 2009, Plaintiff applied for SSI benefits, alleging a disability which began on December 27, 2004. Administrative Transcript ("Tr.") 61. The Administration initially denied Plaintiff's claim on August 13, 2009, and denied the claim again upon reconsideration on February 3, 2010. Id.

Plaintiff subsequently requested a hearing before an ALJ, which occurred on December 16, 2010. Id. at 61, 74. Plaintiff, represented by counsel, testified on her own behalf. Id. at 61. In a written decision dated January 11, 2011, the ALJ found, after recounting the medical evidence and testimony, that Plaintiff was not disabled and had the residual functional capacity to perform "unskilled sedentary work." See id. at 73-74.

Plaintiff sought administrative review of the ALJ's determination. Id. at 12-13. On May 16, 2012, the Social Security Appeals Council denied the request for review, and the ALJ's decision became the final decision of the Administration. Id. at 1-3.

Plaintiff filed the instant action requesting judicial review of the Administration's decision on July 20, 2012. Compl., Docket Item No. 1. Plaintiff's Motion for Summary Judgment followed on February 4, 2013. Docket Item No. 16. Defendant's cross-motion was filed on March 4, 2013. Docket Item No. 18.

### B. Plaintiff's Personal, Vocational and Medical History

Plaintiff was born on March 25, 1963 and holds an associate's degree in graphic design, which she received in 2001. Tr. 38-39. At the time of the initial hearing on December 16, 2004, she was divorced and lived with her two adult sons. Id. at 48. She has previously been employed as a

file clerk, a cashier, and a photographer. Id. at 39-40. Plaintiff claims an inability to work, dating back to 2004, due to physical and mental impairments.

Plaintiff has multiple physical conditions that reportedly limit her ability to work. Plaintiff claims she continues to suffer from carpal tunnel syndrome, for which she underwent surgery in 1999. Id. at 41, 63. She has also been diagnosed with fibromyalgia and neuropathy of extremities. Id. at 302-03. Plaintiff's reported low back pain led treating physician, Dr. Doll, to conduct two MRIs, which showed prominent degenerative changes in Plaintiff's cervical spine and mild degenerative changes in her lumbar spine. Id. at 223, 376. Plaintiff also complained of hip pain, which Dr. Doll diagnosed as trochanteric bursitis. Id. at 259-60. Furthermore, Plaintiff is morbidly obese. Id. at 303. In addition, Plaintiff has been diagnosed with sleep apnea, which she treats by use of a continuous positive airway pressure ("CPAP") machine. Id. at 423. She has been diagnosed with asthma, but reported the condition is under "good control." Id. at 300. She alleges these conditions cause her difficulty in using a computer, handwriting, dressing, and standing or sitting for longer than short periods. Id. at 41-46.

Plaintiff claims mental impairments contribute to her inability to work. Id. at 46-47. First, she suffers from bipolar disorder, which she has treated with medication, including Prozac and Abilify. Id. at 458, 46-47. Dr. Doll also diagnosed Plaintiff with panic disorder, which reportedly causes her significant anxiety. Id. at 508, 47.

Despite her numerous impairments, Plaintiff retains some functionality. She claims to spend most of the day listening to music, watching television, surfing the Internet, and cleaning, depending on her level of pain. Id. at 294. Plaintiff reported that she occasionally drives a car, goes out to lunch, and drinks alcohol socially. Id. at 36, 146, 301. Doctors have issued differing opinions as to whether Plaintiff's retained functionality is sufficient to engage in employment.

Doctors who examined and treated Plaintiff generally concluded she was not capable of holding a full time job consisting of only unskilled sedentary work. Dr. Gable, an examining doctor, opined Plaintiff could sit for only half an hour at a time and her ability to stand and walk

3
Case No.: 5:12-CV-03810-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; GRANTING PLAINTIFF'S MOTION FOR REMAND

was limited. Id. at 302. Dr. Zhang, a treating psychiatrist, reported Plaintiff was unable to meet competitive standards for several mental abilities and aptitudes needed to do unskilled work. Id. at 427. After the ALJ's decision was issued, Dr. Doll, a treating physician, found Plaintiff would not be able to sit or stand for more than five minutes without a break and that she would be incapable of even "low stress" jobs. Id. at 486-87. Dr. Forman, examining physician, determined, from a psychological standpoint alone, Plaintiff was only capable of working between four and eight hours per day. Id. at 296.

However, the examining doctors also expressed opinions in support of Plaintiff's ability to work. In the same report, Dr. Forman remarked Plaintiff was unimpaired for most work-related abilities and only mildly impaired in the ability to withstand the stress of an eight-hour workday and the ability to adapt to changes, hazards, or stressors in the workplace setting. Id. at 296. In addition, Dr. Beaver, treating psychologist, suggested Plaintiff was fully functional, meaning pain does not limit any regular activities, despite diagnosing her with severe depression. Id. at 369-70.

Doctors who evaluated Plaintiff's medical file as a whole determined she was capable of at least sedentary work. Dr. Dipsia reported "it appears [Plaintiff] has ability to do light work," which is a more strenuous standard than sedentary work, suggesting she was able to each sit and walk for six hours in an eight hour workday. Id. at 321. On August 8, 2009, Dr. Franco, an examining doctor, opined Plaintiff mental impairments were "not severe." Id. at 308. Dr. Franco also concluded Plaintiff had no difficulty in maintaining social functioning, mild restriction of daily activities, and only mild difficulties in maintaining concentration, persistence, and pace. Id. at 308-18.

## II.   LEGAL STANDARD

### A. Standard for Reviewing the ALJ's Decision

This Court has authority to review an ALJ's decision denying disability benefits. 42 U.S.C. § 405(g). However, the Court's jurisdiction is limited to determining whether substantial evidence in the administrative record supports the denial of benefits. Id. A district court may only reverse the

ALJ's decision if it lacks support by substantial evidence or if the decision was based on legal error. Id.; accord Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001). "Substantial evidence" is relevant evidence that a "reasonable mind might accept as adequate to support a conclusion." Vertigan, 260 F.3d at 1049 (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). This standard requires more than a scintilla of evidence, but less than a preponderance of evidence. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). The Court must uphold the ALJ's conclusion if it is one of multiple rational interpretations of the evidence. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005); see also Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir. 1992).

### B. Standard for Determining Disability

Disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). The impairment must be so severe that a claimant is unable to do her previous work, and cannot "engage in any other kind of substantial gainful work which exists in the national economy," given her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A). "The claimant carries the initial burden of proving a disability." Ukolov v. Barnhart, 420 F.3d 1002, 1004 (9th Cir. 2005); see also 42 U.S.C. § 423(d)(5)(A). If the claimant proves a prima facie case of disability, "the burden shifts to the Commissioner to establish that the claimant can perform a significant number of other jobs in the national economy." Thomas, 278 F.3d at 955. "The Commissioner can meet this burden through the testimony of a vocational expert or by reference to the Medical Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2." Id.

The ALJ employs the following five-step process to evaluate Social Security disability claims. 20 C.F.R. §§ 404.1520, 416.920.

> 1) The ALJ must first determine whether the claimant is presently engaged in substantially gainful activity. 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled; otherwise the evaluation proceeds to step two.

5
Case No.: 5:12-CV-03810-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; GRANTING PLAINTIFF'S MOTION FOR REMAND

2) The ALJ must determine whether the claimant has a severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled; otherwise the evaluation proceeds to step three.

3) The ALJ must determine whether the claimant's impairment or combination of impairments meets or medically equals the requirements of the Listing of Impairments. 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is disabled; otherwise the analysis proceeds to step four.

4) The ALJ must determine the claimant's residual functional capacity ("RFC") despite limitations from the claimant's impairments. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can still perform work that the individual has done in the past, the claimant is not disabled. If she cannot perform the work, the evaluation proceeds to step five. 20 C.F.R. §§ 404.1520(f), 416.920(f).

5) In this step, the Commissioner has the burden of demonstrating that the claimant is not disabled. Considering a claimant's age, education, and vocational background, the Commissioner must show that the claimant can perform some substantial gainful work in the national economy. 20 C.F.R. §§ 404.1520(g), 416.920(g).

### III.  DISCUSSION

In this case, the ALJ found: 1) Plaintiff has not engaged in substantial activity since January 30, 2009; 2) Plaintiff's bipolar disorder, obesity, fibromyalgia, and low back pain constituted a severe combination of impairments; 3) Plaintiff's combination of impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1; 4) Plaintiff has the residual functional capacity to perform sedentary work, limited to unskilled work involving no more than simple and repetitive tasks and Plaintiff is unable to perform any past relevant work; and 5) considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that

6

Case No.: 5:12-CV-03810-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; GRANTING PLAINTIFF'S MOTION FOR REMAND

1  Plaintiff can perform. Tr. 63-74. Based on these findings, the ALJ determined Plaintiff was not

2  disabled. Id. at 74.

3        In her Motion for Summary Judgment, Plaintiff first argues the ALJ's assessment of her

4  residual functional capacity ("RFC") in step four of the analysis is not supported by substantial

5  evidence. In support of this argument, Plaintiff claims the ALJ improperly rejected the conclusions

6  of the treating and examining doctors in favor of the non-examining doctors. Further, Plaintiff

7  argues the ALJ erred in his RFC assessment by making selective findings that were inconsistent

8  with the record as whole.

9        Second, Plaintiff argues the Defendant did not sustain its burden to show the existence of

10  jobs Plaintiff can perform. Plaintiff agrees, however, that this argument depends on the RFC

11  finding. Since the RFC necessitates a remand for further proceedings and clarification, the Court

12  will not discuss the second argument at this juncture.

13        When presented with conflicting medical opinions, the ALJ must determine the credibility

14  of the opinions and resolve the conflict. Batson v. Comm'r, 359 F.3d 1190, 1195 (9th Cir. 2004)

15  (citing Matney, 981 F.2d at 1019). The ALJ must give greater weight to the treating physician

16  opinions, and in the case of conflict, the ALJ "must give specific, legitimate reasons for

17  disregarding the treating physician." Id. (internal quotations omitted).  Further, "[t]he

18  Commissioner is required to give weight not only to the treating physician's clinical findings and

19  interpretation of test results, but also to his subjective findings." Lester v. Chater, 81 F.3d 821,

20  832–33 (9th Cir. 1995). But, an ALJ may discredit treating physicians' opinions that are

21  conclusory, brief, and unsupported by the record as a whole, or by objective medical findings. Id.

22  (citing Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); Matney, 981 F.2d at 1019). An

23  ALJ may "meet this burden by setting out a detailed and thorough summary of the facts and

24  conflicting clinical evidence, stating his interpretation thereof, and making findings." Magallanes

25  v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation omitted).

7

28  Case No.: 5:12-CV-03810-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; GRANTING PLAINTIFF'S
MOTION FOR REMAND

In this case, the ALJ separated his discussion of RFC findings into mental and physical impairments and the Court does the same in analyzing the ALJ's decision.

**A. Improperly Rejecting Medical Evidence Relating to Mental Impairments**

Looking at the analysis of mental impairments, Plaintiff argued the ALJ improperly dismissed treating physician Dr. Zhang's opinion. The ALJ gave "very limited weight" to Dr. Zhang's opinion that Plaintiff would be unable to meet competitive standards in six out of twenty-five work related functions and would miss more than four days per month due to her impairments. Tr. 72. In rejecting the opinion, the ALJ provided the following reasons: 1) The record reflects Dr. Zhang had not completed a mental status exam on Plaintiff in almost three years, raising a question as to the objective evidence on which he based his opinion; 2) "Dr. Zhang's opinion is not consistent with his own treatment record, which documents improvement with medication and is dedicated mostly to the discussion of physical rather than mental symptoms;" and 3) "Dr. Zhang's opinion is not consistent with the record as a whole." Id. at 72. The Court discusses each reason in turn.

First, the Court considers the existence of objective evidence to support Dr. Zhang's opinion. While there is no evidence Dr. Zhang had completed a formal mental status exam of Plaintiff since the initial exam, two and a half years preceding his opinion, he continually treated Plaintiff during that period. While the ALJ raises the question of objective evidence, he fails to clearly explain why Dr. Zhang's periodic examination and continued treatment of Plaintiff would not provide him with sufficient knowledge to complete the questionnaire.

Second, the Court looks to the consistency of Dr. Zhang's treatment record. As evidence of inconsistency, the ALJ noted that Plaintiff's mental condition shows "improvement with medication." It is unclear, however, how much improvement the medication provides. Plaintiff reported the medication made her feel "more positive" in one report, and "a little better" in another. Id. at 71. These statements are ambiguous and give little insight as to whether the medicine affords Plaintiff the ability to function for a full workday. Moreover, the fact that Dr. Zhang also diagnosed

8

Case No.: 5:12-CV-03810-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; GRANTING PLAINTIFF'S MOTION FOR REMAND

1  Plaintiff's physical symptoms is not a clear indication of inconsistency in his treatment records.
2  Plaintiff clearly suffers from both mental and physical impairments, thus a diagnosis and treatment
3  of a physical impairment does not preclude the existence of a mental impairment.

4  Finally, the Court evaluates whether Dr. Zhang's opinion was inconsistent with the record
5  as a whole. The ALJ cited only two other medical opinions in his analysis of Plaintiff's mental
6  RFC: the opinions of Dr. Forman, examining doctor, and the Disability Determination Services
7  ("DDS") doctor. The DDS doctor opined Plaintiff would have only mild limitations in work related
8  functions. But, Dr. Forman concluded Plaintiff could work only four to eight hours per day. The
9  ALJ gave little weight to this opinion, also concluding it was "inconsistent with [Plaintiff's] other
10 limitations and the record as a whole." Id. at 71. Each of the three medical opinions cited by the
11 ALJ suggests varying degrees of impairment, showing that the record itself is inconsistent. More
12 clarification is needed to understand why the ALJ rejected opinions for being inconsistent with the
13 record when the record is comprised of a spectrum of opinions concerning the Plaintiff's level of
14 disability. Thus, the ALJ failed to provide specific, legitimate reasons for rejecting the subjective
15 findings of Dr. Zhang.

16 In addition, the ALJ failed to clearly explain the reasons for selectively adopting some
17 portions of medical opinions written by Dr. Zhang and Dr. Forman, while rejecting other portions
18 of the same opinions. In reaching his conclusion that Plaintiff would be unable to meet competitive
19 standards in six out of twenty-five work related functions and would miss more than four days per
20 month due to her impairments, Dr. Zhang reported Plaintiff would have limited but satisfactory
21 ability to understand, remember, and carry out instructions. While the ALJ gave "very limited
22 weight" to the conclusion, he gave "significant weight" to the portion of the opinion regarding
23 Plaintiff's ability to understand, offering no justification for the discrepancy. Id. at 72. In
24 consideration of another record, the ALJ gave "significant weight" to Dr. Forman's opinion that the
25 claimant would be mildly impaired in her ability to withstand the stress of an eight-hour workday
26 because it is "consistent with the record as a whole," while giving "very little weight" to Dr.

9
Case No.: 5:12-CV-03810-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; GRANTING PLAINTIFF'S
MOTION FOR REMAND

Forman's opinion that Plaintiff could work only four to eight hours because "it is inconsistent with her other limitations and the record as a whole." Id. at 71. The support for this conclusion is unclear because the record as a whole does not heavily weigh in favor of one opinion regarding Plaintiff's disability.

Accordingly, the Court remands the matter to the ALJ to provide more clarity in his reasoning for rejecting Dr. Zhang's conclusion and his decision about which portions of Dr. Zhang and Dr. Forman's opinions should be adopted for purposes of determining Plaintiff's disability. See Marcia v. Sullivan, 900 F.2d 172, 176 (9th Cir. 1990) (remand is appropriate where the ALJ's decision lacks adequate explanation).

**B. Properly Explaining Decision Regarding Physical Impairments**

In analyzing Plaintiff's physical impairments, the ALJ gave "significant weight" to the DDS doctor's opinion regarding physical symptoms, but gave "little weight" to the opinion of an examining doctor, Dr. Gable, that Plaintiff can sit for only half an hour at a time. Tr. 68. In rejecting the examining doctor's opinion, the ALJ offered the following reasons: 1) Dr. Gable's opinion is based on a single examination; 2) Dr. Gable's psychological findings were not found by Plaintiff's psychiatrist at an appointment one month prior; and 3) "Dr. Gable's opinion is not consistent with the record as a whole." Id. 68-69.

Here, the Court finds the ALJ's reasons for rejecting Dr. Gable's opinion specific and legitimate. Even though the SSA generally gives more weight to examining doctors than to non-examining doctors, as per 20 C.F.R. § 416.927(c)(1), the ALJ outlined Plaintiff's medical history with regard to physical symptoms, finding that during Plaintiff's many trips to the hospital, she only occasionally sought treatment for pain that affects her ability to sit. Tr. at 68-69. Medical records from December 2008, one month prior to the application date, show Plaintiff only complained of allergy and asthma symptoms. Id. at 68. Records from January to March of 2009 reveal treatment for sleep apnea and allergies, but no complaints or treatment for musculoskeletal or fibromyalgia symptoms. Id. Plaintiff had a first session with a physical therapist on November

25, 2009 for treatment of "hip dysfunction," but there is no evidence of further treatment. Id. at 69. The ALJ also found Plaintiff's own testimony to be exaggerated because she admitted she has the ability to drive and to drink socially, but claims she cannot write a letter, hold a cup of coffee, or dress herself. Id. at 70. Accordingly, the ALJ's decision to reject Dr. Gable's opinion is supported by substantial evidence.

### C. New Material Evidence

After the ALJ's decision was issued, Dr. Doll found Plaintiff would not be able to sit or stand for more than five minutes without a break and that she would be incapable of even "low stress" jobs. Id. at 486-87. As such, the Court advises the ALJ to consider Dr. Doll's physical RFC questionnaire dated March 11, 2011, which was not yet in the record at the time of the ALJ's decision, and clearly explain how this opinion affects the physical RFC findings.

### IV. Conclusion

The Court finds that the ALJ did not give sufficient explanation for giving more weight to particular portions of doctors' opinions as opposed to other portions of those same opinions and for rejecting Dr. Zhang's conclusion regarding Plaintiff's condition. Furthermore, the Court finds that the ALJ should incorporate the new evidence related to physical impairments that has emerged since the decision was issues.

For the foregoing reasons, the Court DENIES Plaintiff's Motion for Summary Judgment, DENIES Defendant's Motion for Summary Judgment, and REMANDS the matter for further proceedings consistent with this Order. The clerk shall close the file and return the administrative record to the Social Security Administration.

**IT IS SO ORDERED**

Dated: September 26, 2013

_____
EDWARD J. DAVILA
United States District Judge

Case No.: 5:12-CV-03810-EJD
ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; GRANTING PLAINTIFF'S MOTION FOR REMAND